# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52756

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ALICE NICOLE DEES,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 14, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stevan H. Thompson, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Alice Nicole Dees pled guilty to fraud by computer, I.C. § 18-2022(1), and criminal possession of a financial transaction number, I.C. § 18-3125(4). In exchange for her guilty pleas, additional charges were dismissed. The district court sentenced Dees to concurrent unified terms of five years, with minimum periods of confinement of two years. The district court suspended execution of the sentences, retained jurisdiction, and Dees was sent to participate in the rider program. Dees filed an I.C.R. 35 motion for reduction of her sentences, which the district court denied.

1

After Dees completed her rider, the district court relinquished jurisdiction. Dees appeals, claiming that the district court erred by refusing to grant probation. She also argues her sentences are excesive and constitute an abuse of discretion.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Dees has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Dees also contends that her sentences are excesive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Dees argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Dees' case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and Dees' sentences are affirmed.